# Stephen B. Kinnaird
## 1701 Pennsylvania Avenue, NW, Suite 200
## Washington, DC 20006
## skinnaird2000@icloud.com 202-469-1691

April 9, 2025

Mr. Clifton Cislak, Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

Via CM/ECF

Re: *National Ass'n of Broadcasters v. FCC*, No. 24-1296

Dear Mr. Cislak:

Pursuant to Federal Rule of Appellate Procedure 28(j), Petitioner National Association of Broadcasters ("NAB") addresses *Perez v. Mortgage Bankers Association*, 575 U.S. 92 (2015), which the parties did not cite but Judge Katsas raised at oral argument.

*Perez* held that an interpretative rule is expressly exempt from notice-and-comment requirements under 5 U.S.C. § 553(b)(A) even when it alters the prior interpretation of a regulation. 575 U.S. at 100-03. While the preamble of a legislative rule lacks the force and effect of law, it is not a separate "interpretative rule" subject to the exemption of § 553(b)(A). Here, the Commission proposed and adopted a substantive amendment that uses the term "lease" (*see* JA076-77 (47 C.F.R. § 73.1212(j)(3)); JA309 (same)), and the Commission in the preamble of the final rule adopted a new definition of that term applicable to both the amended and pre-existing parts of the regulation (JA298 ¶ 48). The Commission's obligation to give Federal Register notice of "the terms or substance of the proposed rule or a description of the subjects and issues involved," 5 U.S.C. § 553(b)(3), includes notice of redefined terms in the amended regulation that the Commission will apply.

Even if this Court were to deem the 2024 preamble definition an interpretative rule exempt from notice-and-comment requirements, it remains subject to substantive challenge under 5 U.S.C. § 706 as final agency action representing the consummation of agency decisionmaking and having pragmatic legal consequences for licensees that must comply with the regulation. *See POET Biorefining, LLC v. EPA*, 970 F.3d 392, 404 (D.C. Cir. 2020) (citing *Soundboard Ass'n v. FTC*, 888 F.3d 1261, 1267 (D.C. Cir. 2018)); *Perez*, 575 U.S. at 105-06. For the reasons set forth in NAB's briefs (Br. 36-50, Reply 11-24) and at oral argument, the new "lease" definition inclusive of 30- and 60-second political advertising spots and paid PSAs contravenes the ordinary meaning of "lease" as any compensated "arrangement in which a licensee makes *a discrete block*

of broadcast time available *to be programmed* by another," JA014 ¶ 28 (emphasis added), and is both arbitrary and capricious and unconstitutional.

                                Respectfully submitted,

                                /s/ Stephen B. Kinnaird

                                Stephen B. Kinnaird
                                *Counsel for Petitioner*

Service by CM/ECF